UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| TRINITY MANUFACTURING, INC., ASHTA CHEMICALS, INC., AND NIKLOR CHEMICAL COMPANY, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Court No. 20-03831 |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Trinity Manufacturing, Inc. ("Trinity"), Ashta Chemicals, Inc. ("Ashta"), and Niklor Chemical Company, Inc. ("Niklor"), by and through their attorneys, allege and state as follows:

### ADMINISTRATIVE ACTION TO BE REVIEWED

1.  Plaintiffs seek judicial review of the U.S. Department of Commerce's ("Commerce") final results of the fifth sunset review that led to the revocation of the antidumping duty ("ADD") order on chloropicrin from the People's Republic of China.

2.  Commerce's final results of the sunset review, including the factual and legal conclusions underlying those results, were published in the *Federal Register* on November 9, 2020.  *See Chloropicrin From the People's Republic of China:  Final Results of Sunset Review and Revocation of Order*, 85 Fed. Reg. 71,314 (Dep't Commerce Nov. 9, 2020) (the "*Final Results*").

1

## JURISDICTION

3. This action is brought pursuant to 19 U.S.C. § 1516a(a)(1)(D) to contest the *Final Results* issued by Commerce in the fifth sunset review of chloropicrin from the People's Republic of China (Case No. A-570-002).

4. Section 1516a provides, *inter alia*, for the judicial review of a Commerce determination issued pursuant to 19 U.S.C. § 1675. Section 1675 describes several proceedings and determinations, including five-year reviews. *See* 19 U.S.C. § 1675(c).

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c), which provides that this Court has exclusive jurisdiction over civil actions commenced under section 516A of the Tariff Act of 1930, and 19 U.S.C. § 1516a(a)(2)(B)(iii), which provides that final determinations of five-year reviews by Commerce are reviewable.

## STANDING

6. Plaintiffs are domestic producers of chloropicrin, and therefore, are domestic interested parties as defined by 19 U.S.C. §§ 1677(9)(C) and 1516a(f)(3), and 28 U.S.C. § 2361(k)(1).

7. Plaintiffs participated in the proceeding being challenged. Therefore, Plaintiffs have standing to bring this action as a "party to the proceeding" pursuant to 19 U.S.C. § 1516a(d), and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

8. Commerce published notice of the contested *Final Results* determination on November 9, 2020. *See Final Results*.

9. Plaintiffs commenced this action by filing the summons and complaint concurrently on November 10, 2020, within 30 days of the publication of the *Final Results* determination.

10. Accordingly, this action was commenced within the statutory time limits specified by 19 U.S.C. § 1516a(a)(1)(D) and 28 U.S.C. § 2636(c), and within Rule 3(a)(3) of the Rules of the U.S. Court of International Trade.

## STATEMENT OF FACTS

11. In the following respect, and for reasons apparent from the administrative record of Commerce's five-year review, the *Final Results* determination is not supported by substantial evidence on the record and is otherwise not in accordance with law.

12. The contested *Final Results* determination involves the fifth five-year review of the ADD order on chloropicrin from China that has provided critical protection to the domestic industry from unfairly traded imports since 1984. *See Antidumping Duty Order: Chloropicrin from the People's Republic of China*, 47 Fed. Reg. 10,691 (Mar. 22, 1984).

13. On August 4, 2020, Commerce published the *Notice of Initiation* of the fifth five-year review of the ADD order on chloropicrin from China. *See Initiation of Five-Year (Sunset) Reviews*, 85 Fed. Reg. 47,185 (Dep't Commerce Aug. 4, 2020).

14. In the *Notice of Initiation*, Commerce requested that domestic interested parties submit the following: (1) an entry of appearance within 10 days of the publication of the Notice of Initiation; (2) if needed, an application for Administrative Protective Order ("APO") access immediately following publication of the *Notice of Initiation*; (3) a notice of intent to participate not later than 15 days after the date of publication of the *Notice of Initiation*; and (4) a

substantive response not later than 30 days after the date of publication in the *Notice of Initiation*. *See id.* at 47,186.

15. On August 18, 2020, the representative for Petitioners timely filed an entry of appearance, an application for APO access, and a notice of intent to participate at Commerce.

16. On August 23, 2020, Plaintiffs' representative filed a timely entry of appearance and an APO application before the Commission.

17. On August 21, 2020, Commerce notified the U.S. International Trade Commission (the "Commission") of Commerce's receipt of the *Notice of Intent to Participate* from domestic interested parties in this five-year review.

18. On September 2, 2020, Plaintiffs' representative timely filed the confidential substantive response before the Commission. The non-confidential version of the Commission substantive response was due September 3, 2020.

19. Plaintiffs' substantive response at Commerce was due on September 3, 2020. Plaintiffs' representative completed all preparation of Plaintiffs' substantive Commerce response during the afternoon of September 3, 2020, when he also was finalizing and filing the non-confidential version of the Commission substantive response.

20. On September 10, 2020, Commerce notified the Commission that it had not received a substantive response from domestic interested parties, and that it "will issue a final determination revoking this order not later than 90 days after the date of publication of the Federal Register notice of initiation." Letter from Shawn Thompson, Director, Office V, AD/CVD Operations Enforcement and Compliance, to Nannette Christ, Director, Office of Investigations, U.S. International Trade Commission*, Sunset Review Initiated on August 4, 2020* (Sept. 10, 2020).

21. Plaintiffs' representative first viewed Commerce's letter to the Commission on the evening of September 14, 2020. It was at this time that learned that he had committed an inadvertent, innocent error and did not timely file Plaintiffs' substantive response to Commerce in this five-year review. This error was the result of a combination of technical and medical issues affecting Plaintiffs' representative, who fully believed that he had, in fact, timely filed the substantive response when it was due.

22. Plaintiffs' representative took urgent steps to address and remedy this error, immediately attempting to contact Commerce staff multiple times. On September 18, 2020, he filed a request, in accordance with Commerce's regulations, to retroactively extend the deadline for filing Plaintiffs' substantive response, and, simultaneously, tendered the substantive response, which was complete in all respects.

23. On September 25, 2020, Plaintiffs retained the undersigned. That same day, the undersigned submitted an entry of appearance, an application for access under the administrative protective order, and extensive comments and analysis supporting Plaintiffs' representative's request for an extension of the filing deadline.

24. Plaintiffs' September 25, 2020 submission demonstrated that, in accordance with Commerce's regulations and the Court's precedent, extraordinary circumstances support a determination to grant the request for leave for late filing of the substantive response, the error was inadvertent and innocent, the agency would incur no burden by granting the extension, and that the Plaintiffs would suffer extraordinary prejudice (revocation of the ADD order) if the request was not granted.

25. Because the Commerce sunset review was wholly uncontested, this request was unopposed.

26. On September 28, 2020, Commerce sent a letter to Plaintiffs' representative (but not to the undersigned) rejecting the September 18, 2020 request for leave for late filing of the substantive response and Plaintiffs' concurrently-filed substantive response.

27. Commerce's September 28, 2020 letter completely ignored the undersigned's entry of appearance and substantive comments. Moreover, as of that date, Commerce had not added the undersigned to the service list to this review. Significantly, Commerce failed to serve the undersigned with a copy of this critical decision.

28. Commerce's failure to register the undersigned's appearance and role as lead counsel, and its failure to consider and address its extensive September 25, 2020 comments and analysis demonstrates that the agency failed to consider the record as a whole when making its determination.

29. In light of Commerce's failure, *inter alia*, to consider or address the undersigned's September 25, 2020 submission, on September 29, 2020, the undersigned filed a request for reconsideration of Commerce's rejection of the request for leave for late filing of Plaintiffs' substantive response.

30. On October 1, 2020 and October 5, 2020 the undersigned met with Commerce officials to discuss the extraordinary circumstances supporting Plaintiffs' request for reconsideration of the agency's decision to deny the earlier request for retroactive extension of the deadline to file their substantive response.

31. On October 7, 2020, the undersigned submitted newly-developed supplemental confidential information in support of the request for leave for late filing of Plaintiffs' substantive response, detailing sensitive medical conditions affecting Plaintiffs' prior representative at the time of the filing deadline.

32. On October 13, 2020, Plaintiffs timely submitted comments on adequacy of responses and appropriateness of an expedited review to Commerce. Importantly, the Commerce segment of the review and Plaintiffs' request that the ADD order be continued was wholly uncontested; at no point during the review was there any entry of appearance, notice of intent to participate, or substantive response to Commerce's *Notice of Initiation* filed by any party seeking revocation of the ADD order.

33. In their Commerce adequacy comments, Plaintiffs reaffirmed their unequivocal intent to fully participate in the five-year review, and reiterated that the extension request regarding the substantive response was supported by extraordinary circumstances, and that Commerce had received adequate information from domestic interested parties to continue the order, even if the agency declined to accept the substantive response.

34. On November 2, 2020, Commerce signed the final results of the review, determining to revoke the ADD order on the basis that it had not timely received a substantive response from Plaintiffs. *See Chloropicrin From the People's Republic of China: Final Results of Sunset Review and Revocation of Order*, 85 Fed. Reg. 24,828 (Dep't Commerce Nov. 6, 2020) (unpublished version). Commerce did not publicly release its determination until November 4, 2020.

35. On November 2, 2020, Commerce also signed a letter denying the undersigned's October 7, 2020 request for reconsideration of Plaintiffs' request to extend the deadline to file the substantive response. *See* Letter from Howard Smith, Program Manager, AD/CVD Operations, Office IV, Enforcement & Compliance, to Plaintiffs, *Five-Year ("Sunset") Review of Chloropicrin from China: Response to Second Request to Extend the Deadline for Filing a Substantive Response* (Nov. 2, 2020). Like the final results, this letter was not publicly released

until November 4, 2020.  In the letter, Commerce stated that that medical issue described was "not a medical *emergency*," and did not prevent Plaintiffs' representative "from timely filing an extension request for the substantive response through all reasonable means." *Id.* at 2 (emphasis added).  Commerce further stated that because Plaintiffs' representative "was able to file a document with the International Trade Commission and work on the substantive response on September 3, despite his medical issue, then the medical issue also did not preclude him from also timely filing an extension request on or before September 3." *Id.*

36. On November 9, 2020, Commerce published the *Final Results* determination, whereby it revoked the ADD order on chloropicrin from China "{b}ecause the domestic interested parties did not file a timely substantive response in this sunset review. . . ." 85 Fed. Reg. at 71,314.

37. As the result of Commerce's decision not to retroactively extend a filing deadline that was inadvertently and innocently missed by an individual experiencing both medical and technical issues at the time of the deadline, as its regulations expressly permit, Commerce has revoked an ADD order protecting a U.S. industry since 1984.

38. The disproportionate nature of the prejudice to the domestic industry flowing from Commerce's decision cannot be overstated.  Commerce's refusal to extend the regulatory deadline — missed because of an innocent and inadvertent error — has resulted in revocation of an ADD order found, by two different government agencies *over three decades*, to be necessary to prevent the recurrence of dumping and injury to the domestic industry.

## COUNT ONE

39. Paragraphs 1 – 38 are incorporated by reference.

40. Commerce's decision to deny Plaintiffs' request for retroactive extension of the deadline to file their substantive response was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

## PRAYER FOR JUDGMENT AND RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

1. Enter judgment in favor of Plaintiffs;

2. Hold as unlawful Commerce's *Final Results* that are the subject of this Complaint;

3. Remand this proceeding to Commerce with instructions to grant Plaintiffs' request for retroactive extension of the deadline to file their substantive response to the *Notice of Initiation* in this five-year review of the ADD order on chloropicrin from China;

4. Accept Plaintiffs' substantive response on the record of the underlying review;

5. Within two business days of the date of this Court's order, notify the Commission that Commerce has received a timely-filed substantive response from the domestic interested parties;

6. Within 10 calendar days of the date of this Court's order, determine the adequacy of Plaintiffs' substantive response and notify Plaintiffs and the Commission of those results;

7. Perform such other actions in the underlying review as required by law; and

8. Grant Plaintiffs such additional relief as the Court may deem just and proper.

                                               Respectfully submitted,

Dated:  November 12, 2020　　　　　　/s/ Adam H. Gordon
　　　　　　　　　　　　　　　　　　Adam H. Gordon, Esq.
　　　　　　　　　　　　　　　　　　Jennifer M. Smith, Esq.
　　　　　　　　　　　　　　　　　　Ping Gong, Esq.
　　　　　　　　　　　　　　　　　　Lauren Fraid, Esq.

　　　　　　　　　　　　　　　　　　**THE BRISTOL GROUP PLLC**
　　　　　　　　　　　　　　　　　　1707 L Street, NW
　　　　　　　　　　　　　　　　　　Suite 570
　　　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　　　Tel.:  (202) 991-2701
　　　　　　　　　　　　　　　　　　adam.gordon@bristolgrouplaw.com

　　　　　　　　　　　　　　　　　　*Counsel to Trinity Manufacturing, Inc., Ashta Chemicals, Inc., and Niklor Chemical Company, Inc.*