UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY C. STANCEU, SENIOR JUDGE

|  |  |
|---|---|
| TRINITY MANUFACTURING, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) ) Court No. 20-03831 |
| v. | ) ) |
| UNITED STATES, | ) ) |
| Defendant. | ) ) |

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

Defendant, the United States, respectfully responds to plaintiffs' motion for judgment on the administrative record, challenging the final determination of the Department of Commerce (Commerce) in the fifth sunset review of the antidumping duty order on chloropicrin from the People's Republic of China (China).

STATEMENT PURSUANT TO RULE 56.2

I. The Administrative Determination Under Review

Under review is *Chloropicrin from the People's Republic of China: Final Results of Sunset Review and Revocation of Order*, 85 Fed. Reg. 71,314 (Dep't of Commerce Nov. 9, 2020) (*Final Results*).

II. Issue Presented For Review

Whether Commerce abused its discretion in rejecting plaintiffs' untimely substantive response and out-of-time motions for an extension.

STATEMENT OF FACTS

On August 4, 2020, Commerce initiated the fifth sunset review of the antidumping duty order on chloropicrin from China. *See Initiation of Five-Year (Sunset) Reviews*, 85 Fed. Reg.

1

47,185 (Dep't Commerce August 4, 2020) (*Initiation*).  In the *Initiation*, Commerce requested that interested parties file entries of appearance within 10 days and, if needed, immediately file applications for Administrative Protective Order (APO) access.  *Id.*  Commerce furthermore notified domestic interested parties that (1) any notice of intent to participate must be filed no later than 15 days after the initiation notice, and (2) any substantive response must be filed no later than 30 days after the notice.  *Id*. (citing 19 C.F.R. §§ 351.218(d)(1)(ii) and 351.218(d)(3)).  That 30-day deadline was established pursuant to 19 C.F.R. § 351.218(d)(3), which states that for this type of review, "{a} complete substantive response . . . must be submitted to the Department not later than 30 days after . . . publication in the Federal Register of the notice of initiation."[1]

On August 18, 2020, Commerce received plaintiffs' timely notice of intent to participate, entry of appearance, and APO access application.  *See* Notice of Intent to Participate (Aug 18, 2020) (P.R. 3); Entry of Appearance (Aug 18, 2020) (P.R. 2)*;* Application Under APO (Aug. 18, 2020) (P.R. 4)*.*

Substantive responses to the *Initiation* were due to be filed with Commerce no later than September 3, 2020.  On September 2 and 3, 2020, plaintiffs timely filed the confidential and public versions of a substantive response directed to the International Trade Commission (ITC).  *See* Supp. to First Req. to File Late at 2 (Sept. 25, 2020) (P.R. 10).  However, plaintiffs did not timely file a substantive response with Commerce, thereby missing the regulatory deadline.  *See id*.

---

[1] In such sunset reviews, Commerce generally is required by statute to make its final determination within 240 days of initiation.  19 U.S.C. § 1675(c)(5)(A); *see* 19 C.F.R. § 351.218(f)(3)(i).  To that end, Commerce "normally will issue its preliminary results in a full sunset review not later than 110 days after the date of publication in the Federal Register of the notice of initiation."  19 C.F.R. § 351.218(f)(1).

On September 10, 2020, a week after the deadline had passed, Commerce notified the ITC that it had not received a substantive response from domestic interested parties. *See* Letter from Commerce to ITC (Sept. 10, 2020) (P.R. 6). Plaintiffs' representative reviewed Commerce's letter to the ITC on September 14, 2020—four days after Commerce placed it on the record in the sunset review. *See* First Req. to File Late at 2 (Sept. 18, 2020) (P.R. 7). Four more days later, and now fifteen days after the regulatory deadline, on September 18, 2020, plaintiffs requested a retroactive extension of the filing deadline. *See id*. Plaintiffs claimed that the document had likely not been filed because plaintiffs' representative had been "having difficulty with ACCESS {Commerce's online filing system}, prior to and/or on the date of filing the Substantive Response and had intermittent internet problems" during the course of the pandemic. *Id*. No other justification was offered.

On September 25, 2020—twenty-two days past the original regulatory deadline—plaintiffs retained new representation and supplemented their request to file late. *See* Supp. to First Req. to File Late (P.R. 10). For the first time, plaintiffs claimed that extraordinary circumstances prevented them from timely filing the substantive response or seeking an extension. They again alleged difficulty with ACCESS and internet issues, and furthermore stated that their prior representative fully believed that he had filed the substantive response. *See id.* at 4. Plaintiffs also argued that, because no potential respondent to the antidumping duty order had filed a notice of intent to participate in the proceeding, no other party would "suffer extreme prejudice" from Commerce granting plaintiffs' out-of-time motion. *See id*. at 5. On September 28, 2020, Commerce rejected the plaintiffs' request, on the grounds that plaintiffs had not met the regulatory standard of extraordinary circumstances, for an untimely filed extension request under 19 C.F.R. § 351.302(c). *See* Rejection of First Req., (Sept. 28, 2020) (P.R. 11).

On October 7, 2020, now thirty-four days after the regulatory deadline, plaintiffs submitted what they claimed to be "newly-developed supplemental confidential information in support of the request for leave for late filing of plaintiffs' substantive response." *See* Second Req. To File Late (Oct. 7, 2020) (C.R. 1). For the first time, plaintiffs asserted that their prior representative had suffered from a medical condition that caused him to miss the deadline. *Id*. at 4-5. Commerce rejected this request for a retroactive extension. The agency noted that "insufficient resources, inattentiveness, or the inability of the party's representative to access the internet on the day on which the submission was due" would not be extraordinary circumstances. *See* Rejection of Second Request at 2 (Nov. 4, 2020) (P.R. 26). Commerce furthermore concluded that, since plaintiffs' representative "was able to file a document with the International Trade Commission and work on the substantive response on September 3, despite his medical issue, . . . the medical issue also did not preclude him from also timely filing an extension request on or before September 3." *Id*.

On November 9, 2020, Commerce published the final results of the sunset review, revoking the antidumping duty order on chloropicrin from China in accordance with 19 C.F.R. § 351.218(e)(1)(i)(C). *See Final Results*, 85 Fed. Reg. at 71,315. Commerce's revocation was based on the fact that no interested domestic party had submitted substantive comments:

> Because no domestic interested party timely filed an adequate substantive response in this sunset review, Commerce finds that no domestic interested party has responded to the notice of initiation of this sunset review under 751(c)(3)(A) of the Act {19 U.S.C. § 1675(c)(3)(A)}. Therefore, consistent with {} section 751(c)(3)(A) of the Act and 19 CFR 351.222(i)(1)(i), we are revoking the antidumping duty order on chloropicrin from China.

*Id.*

ARGUMENT

I.    <u>Standard Of Review</u>

This Court possesses jurisdiction pursuant to 28 U.S.C. § 1581(c). Plaintiffs seek review of Commerce's *Final Results*, specifically Commerce's revocation of the antidumping order at issue due to no domestic interested party submitting a substantive response to the *Initiation*—an outcome mandated by 19 U.S.C. § 1675(c)(3)(A). This Court's review is provided pursuant to 19 U.S.C. § 1516a(a)(1)(D). In reviewing Commerce's determination, "the court shall hold unlawful any determination, finding, or conclusion found . . . to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* at § 1516a(b)(1)(B)(ii).

"Absent constitutional constraints or extremely compelling circumstances{,} the administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties." *Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 543 (1978) (quotations and citations omitted). This Court thus has held that "{Commerce} has broad discretion to establish its own rules governing administrative procedures, including the establishment and enforcement of time limits." *Yantai Timken Co. v. United States*, 521 F. Supp. 2d 1356, 1370 (Ct. Int'l Trade 2007), *aff'd*, 300 F. App'x 934 (Fed. Cir. 2008); *Dongtai Peak Honey Indus. Co. v. United States*, 971 F. Supp. 2d 1234, 1239 (Ct. Int'l Trade 2014), *aff'd*, 777 F.3d 1343 (Fed. Cir. 2015).

II.    <u>No Extraordinary Circumstances Prevented Plaintiffs From Timely Filing Either A Substantive Response Or An Extension Request</u>

Commerce must review an antidumping duty order every five years after its issuance. *See* 19 U.S.C. § 1675(c)(1). To do so, Commerce issues a notice of initiation, requesting that interested parties submit information relating to their willingness to participate in the review and

5

the likely effects of revocation of the order. *See* 19 U.S.C. § 1675(c)(2); *see also NMB Singapore Ltd. v. U.S.*, 533 F. Supp. 2d 1244, 1248-50 (Ct. Int'l Trade 2007). If no domestic interested party submits a substantive response to the initiation order, Commerce "shall" revoke the order. 19 U.S.C. § 1675(c)(3)(A); *see also* 19 C.F.R. § 351.218(e)(1)(i)(C)(3).

Commerce generally is required by statute to make its final determination in a sunset review within 240 days of initiation. 19 U.S.C. § 1675(c)(5)(A); *see* 19 C.F.R. § 351.218(f)(3)(i). To that end, Commerce "normally will issue its preliminary results in a full sunset review not later than 110 days after the date of publication in the Federal Register of the notice of initiation." 19 C.F.R. § 351.218(f)(1). Per Commerce's regulations, "{a} complete substantive response to a notice of initiation" must be submitted to the Department not later than 30 days after the initiation notice. 19 C.F.R. § 351.218(d)(3).

A party may file a timely extension request, which Commerce may grant for good cause shown. 19 C.F.R. § 351.302(c). But it "would be counterproductive to set the same standard for *untimely* extension requests" as for timely requests, because "parties would have no incentive for filing timely extension requests." *Extension of Time Limits*, 78 Fed. Reg. 57,790, 57,793 (Dep't of Commerce Sep. 20, 2013). Thus, while untimely extension requests still require a showing of good cause, the bar to meet that standard is heightened—the requesting party must "demonstrate{} that an extraordinary circumstance exists." 19 C.F.R. § 351.302(c). "{I}t is the party's responsibility to demonstrate that extraordinary circumstances exist based on the specific facts." *Extension of Time Limits,* 78 Fed. Reg. at 57,793.

Commerce defines an "extraordinary circumstance" as an "unexpected event that (i) {c}ould not have been prevented if reasonable measures had been taken; and (ii) {p}recludes a party or its representative from timely filing an extension request through all reasonable means."

6

19 C.F.R. § 351.302(c)(2).  Examples of extraordinary circumstances include "a natural disaster, riot, war, *force majeure*, or medical emergency," but not "insufficient resources, inattentiveness, or the inability of a party's representative to access the internet on the day on which the submission was due."  *See Extension of Time Limits,* 78 Fed. Reg. at 57,793.

Plaintiffs here fail to show an "unexpected event" within the meaning of section 351.302(c)(2).  In their first out-of-time request for an extension, plaintiffs merely claimed that issues with ACCESS and internet connectivity "during the course of the pandemic" had prevented a timely substantive response or extension request.  *See* First Req. to File Late at 2 (Sept. 18, 2020) (P.R. 7).  But internet service issues are unlikely to constitute an "unexpected event" within the meaning of 19 C.F.R. § 351.302(c)(2).  *See Extension of Time Limits*, 78 Fed. Reg. at 57,793.  Moreover, plaintiffs' assertion is belied by the evidence:  They filed their ITC response on the day of the deadline, and their representative *thought* that he had filed the response with Commerce.  *See* First Req. to File Late at 2 (Sept. 18, 2020) (P.R. 7).  These facts demonstrate that plaintiffs' representative was not experiencing internet issues on the day of the deadline.  Plaintiffs moreover have submitted no evidence that might show an ACCESS service outage, or that plaintiffs received an ACCESS filing confirmation (which might bolster their claim that their representative believed that he had filed).

To be sure, a medical emergency may constitute an extraordinary circumstance. *Extension of Time Limits*, 78 Fed. Reg. at 57,793.  But the facts here do not show any emergency.  Plaintiffs made no reference to any medical issues until October 7, 2020—more than a month after the substantive response was due, and after they retained new representation. *See* Second Req. To File Late at 2 (Oct. 7, 2020) (C.R. 1).  Given Commerce's Federal Register statement, in 2013, that the agency will consider evidence of a medical emergency, plaintiffs'

failure to earlier raise any medical issues necessarily undermines any suggestion of an emergency. Their representative plainly was capable of working on the day of the deadline, given that he successfully submitted plaintiffs' response to the ITC. *See* First Req. to File Late at 2 (Sept. 18, 2020) (P.R. 7). Moreover, plaintiffs seem to now concede that no emergency occurred. Pl. Br. at 19 (arguing that "Commerce sets the bar too high by requiring a medical 'emergency'"). On these facts, Commerce's finding of no extraordinary circumstances is reasonable and based on substantial evidence.

III.   Plaintiffs' Cannot Show That Commerce Abused Its Discretion, Or Acted Arbitrarily Or Capriciously

On the facts set forth above, plaintiffs' motion for judgment on the administrative record does not come close to demonstrating an abuse of discretion. Absent constitutional constraints or compelling circumstances, this Court must "defer to the judgment of an agency regarding the development of the agency record." *Dongtai Peak Honey Indus. Co. v. United States*, 777 F.3d 1343, 1351 (Fed. Cir. 2015) (*Dongtai II*) (quoting *PSC VSMPO-Avisma Corp. v. United States* 688 F.3d 751, 760 (Fed. Cir. 2012)).

In *Dongtai II*, Commerce had issued a supplemental questionnaire to Dongtai Peak with a deadline of April 17th. *See Dongtai Peak Honey Indus. Co. v. United States*, 971 F. Supp. 2d at 1237 (*Dongtai I*). On April 19th, Dongtai Peak filed an untimely request to extend the deadline to April 27th, explaining that it missed the deadline "because of an overlap with the deadline to file its sections C and D questionnaire response, a national holiday, issues with its translator, issues communicating with its U.S.-based attorneys, and a computer failure." *Id.* at 1238. Commerce concluded that Dongtai Peak had not shown good cause to grant the request.

The Court of Appeals for the Federal Circuit affirmed, holding that Dongtai Peak had not shown good cause. *See Dongtai II*, 777 F.3d at 1351-52. The Federal Circuit emphasized that

Commerce does not violate principles of fairness by rejecting an untimely submission where the party had both notice and a meaningful opportunity to be heard.  *See id*.  On the facts, the Federal Circuit concluded that nothing had prevented Dongtai Peak from submitting a timely extension request:

> As to its good cause arguments, Commerce properly found Dongtai Peak's April 19 {extension request} describing its difficulties in completing the Supplemental Response did not demonstrate why the company was unable to file timely its extension request.  Indeed, all of the causes of delay noted in the April 19 {extension request} were known to Appellant prior to the April 17th deadline, and did not prevent the company from filing an extension request before that date.

*See Dongtai II*, 777 F.3d at 1351 (internal quotations omitted).

*Dongtai II* is particularly instructive here because the Federal Circuit in that case was applying an earlier version of 19 C.F.R. § 351.302.  *See Dongtai II*, 777 F.3d at 1351 n.2.  That earlier version did not specifically address untimely extension requests.  *See* 19 C.F.R. § 351.302(c) (2013).  The Federal Circuit nonetheless found no abuse of discretion in Commerce's conclusions, even in the absence of the now-express regulatory requirement that a party seeking to file out of time must demonstrate extraordinary circumstances.  *See* 19 C.F.R. § 351.302(c) (2020).

This Court has applied *Dongtai II* to find no abuse of discretion by Commerce, explaining that "{s}trict enforcement of time limits . . . is neither arbitrary nor an abuse of discretion when Commerce provides a reasoned explanation of its decision." *ArcelorMittal USA LLC v. United States*, 399 F. Supp. 3d 1271, 1279 (Ct. Int'l Trade 2019).  In *ArcelorMittal*, a respondent failed to timely comment on Commerce's draft remand results.  The respondent submitted an extension request one week after the deadline, claiming that it had just learned of the deadline because its counsel was out of the country when the draft was released and the notification for the draft had been "lost in the email traffic during that period."  *See*

9

*ArcelorMittal*, 399 F. Supp. 3d at 1275.  Commerce rejected the request and this Court, following *Dongtai II*, found no "extremely compelling circumstances."  *ArcelorMittal*, 399 F. Supp. 2d at 1283.  Instead, on the facts and "in light of the '{i}mportant principles of timeliness and finality {that} undergird all aspects of litigation,'" the Court found that it was not an abuse of discretion for Commerce to reject respondent's untimely extension request and submissions.  *Id.* (quoting *Essar Steel Ltd. v. United States*, 678 F.3d 1268, 1278 (Fed. Cir. 2012)).

      Plaintiffs acknowledge that the two Court decisions on which they rely—*Artisan Manufacturing Corp. v. United States*, 978 F. Supp. 2d 1334, 1345-48 (Ct. Int'l Trade 2014), and *Grobest & I-Mei Industries (Vietnam) Co. v. United States*, 815 F. Supp. 2d 1342 (Ct. Int'l Trade 2012)—"were issued prior to Federal Circuit's precedential decision in *Dongtai II*."  Pl. Br. at 12 n.3, ECF No. 22-1; *see also ArcelorMittal*, 399 F. Supp. 2d at 1271 (noting that the two decisions pre-date *Dongtai II*).  Despite the concession, plaintiffs then proceed to oversell the two cases.  In *Artisan*, the Court held that Commerce had abused its discretion "in the particular circumstances of {that} investigation" where a submission was filed the morning after a 5:00 p.m. deadline.  *Artisan*, 978 F. Supp. 2d at 1344.  In *dicta*, the Court noted record evidence showing that plaintiff's counsel "innocently and inadvertently" committed a mistake, and Commerce made no findings to the contrary.  *Artisan*, 978 F. Supp. 2d at 1347.  In *Grobest*, the Court held that Commerce had abused its discretion by rejecting an untimely submission.  *See Grobest*, 815 F. Supp. 2d at 1367.  The Court found that the burden on Commerce would have been minimal given that (1) Commerce only received a single separate rate application, (2) Commerce had nearly a year to complete the investigation, and (3) Grobest had acted diligently to correct its submission.  *See id*.

The Court in *Artisan* and *Grobest* was applying the prior version of 19 C.F.R. § 351.302, which did not contain the now-existing "extraordinary circumstances" requirement: *Grobest* was decided in 2012, and in *Artisan* the Court reviewed a final determination issued on February 26, 2013—before the regulatory amendment.  *See Artisan*, 978 F. Supp.2d at 1336; *see also Extension of Time Limits*, 78 Fed. Reg. at 57,790 (applying rule to all segments initiated on or after October 21, 2013).

*Artisan* and *Grobest* must give way to the Federal Circuit's reasoning in *Dongtai II*, and to the current regulatory requirement that parties demonstrate extraordinary circumstances. Plaintiffs have not demonstrated an unexpected and reasonably unpreventable event that precluded them from timely filing an extension request.  None of the reasons in plaintiffs' untimely requests constitute an extraordinary circumstance as that term is defined in 19 C.F.R. § 351.302(c)(2).

Plaintiffs assert that acceptance of a late substantive response would be inconsequential to Commerce, because "{t}he next event, comments on the adequacy of responses, was not due for another month and did not involve any work on Commerce's part." Pl. Br. at 15.  As stated by the Federal Circuit, however, "{i}t is not for {the requesting party} to establish Commerce's deadlines or to dictate to Commerce whether and when Commerce actually needs the requested information." *Dongtai II*, 777 F.3d 1352 (quotations omitted).  Furthermore, Commerce "should not be burdened by requiring acceptance of untimely filings closer to the final deadline for the administrative review." *Id.*  Here, Commerce properly denied plaintiffs' retroactive extension request because it was submitted well after the established deadline, in violation of 19 C.F.R. § 351.302(c), and the plaintiffs failed to show that an extraordinary circumstance existed

11

preventing a timely-filed extension request. That is sufficient for this Court to sustain Commerce's exercise of discretion.

Plaintiffs also suggest that the accuracy of the sunset review would be improved if they were permitted to submit a substantive response. Pl. Br. at 16-18. But as the Court noted in *Dongtai I*, the Federal Circuit has held that "'{t}he role of judicial review is limited to determining whether the record is adequate to support the administrative action{,}' and therefore '{a} court cannot set aside application of a proper administrative procedure because it believes that properly excluded evidence would yield a more accurate result.'" *Dongtai I*, 971 F. Supp. 2d at 1239 (quoting *PSC VSMPO*, 688 F.3d at 761). Thus, the question here is not whether the outcome of the sunset review would be more accurate if plaintiffs were permitted to file a substantive response—the question instead is whether Commerce's procedures were proper.

Plaintiffs' final argument is that the denial of their extension request was arbitrary and capricious in light of prior grants of late filing requests under allegedly "far less severe circumstances." Pl. Br. at 18. Plaintiffs' attempt to compare these circumstances to other situations must fail. The Federal Circuit in *Dongtai II* rejected the appellant's argument "regarding Commerce's 'long practice' of approving untimely extension requests"—the court instead held that in the "various administrative reviews cited by the Appellant, Commerce found good cause was shown and therefore exercised its discretion in granting the untimely extension requests." *Dongtai II*, 777 F. 3d at 1352. It is, in other words, a fact-driven inquiry. Though plaintiffs cite various alleged examples of Commerce granting out-of-time requests, they do not provide further context or otherwise explain the basis for their claim that Commerce has found extraordinary circumstances on facts like those presented here. Plaintiffs therefore have not shown that Commerce has acted arbitrarily and capriciously.

## CONCLUSION

For the reasons discussed above, plaintiffs' motion for judgment on the agency record should be denied and the Court should enter judgment for the United States.

                                         Respectfully submitted,

                                         BRIAN M. BOYNTON
                                         Acting Assistant Attorney General

                                         JEANNE E. DAVIDSON
                                         Director

                                         /s/Patricia M. McCarthy
                                         PATRICIA M. McCARTHY
                                         Assistant Director

| | |
|---|---|
| | /s/Geoffrey M. Long |
| OF COUNSEL: | GEOFFREY M. LONG |
| | Trial Attorney |
| IAN MCINERNEY | U.S. Dept. of Justice, Civil Division |
| Attorney | Commercial Litigation Branch |
| Office of the Chief Counsel | P.O. Box 480, Ben Franklin Station |
|    For Trade Enforcement and Compliance | Washington, DC  20044 |
| United States Department of Commerce | Tel. (202) 307-0159 |
| | Fax: (202) 307-0972 |
| May 21, 2021 | Attorneys for Defendant |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the Rules of this Court in that it contains 3,630 words, including text, footnotes, and headings.

                                                              /s/Geoffrey M. Long
                                                              GEOFFREY M. LONG

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   THE HONORABLE TIMOTHY C. STANCEU, SENIOR JUDGE

| | |
|---|---|
| TRINITY MANUFACTURING, INC., et al., ) <br> ) <br> Plaintiffs, ) <br> ) Court No. 20-03831 <br> v. ) <br> ) <br> UNITED STATES, ) <br> Defendant. ) <br> ) | |

ORDER

Upon consideration of the motion for judgment upon the administrative record filed by plaintiffs, responses thereto, plaintiffs' reply, the administrative record, and all other pertinent papers, it is hereby

ORDERED that plaintiffs' motion is DENIED;

ORDERED that the Department of Commerce's determination is affirmed in all respects; and it is further

ORDERED that judgment is entered in favor of the United States.

Dated: _____   _____
                                                                                  TIMOTHY C. STANCEU