Slip Op. No. 21-153

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **TRINITY MANUFACTURING, INC.**, et al., | |
| Plaintiffs, | **Before: Timothy C. Stanceu, Judge** |
| v. | **Court No. 20-03831** |
| **UNITED STATES,** | |
| Defendant. | |

### OPINION

[Denying plaintiffs' motion for judgment on the agency record in an action contesting the revocation of an antidumping duty order.]

Dated: November 8, 2021

*Adam H. Gordon*, The Bristol Group PLLC, of Washington, D.C., for plaintiffs Trinity Manufacturing, Inc., Ashta Chemicals, Inc., and Niklor Chemical Company, Inc. With him on the submissions were *Jennifer M. Smith, Ping Gong,* and *Lauren Fraid*.

*Geoffrey M. Long*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant. With him on the submission were *Brian M. Boynton,* Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Patricia M. McCarthy*, Assistant Director. Of counsel on the submission was *Ian McInerney*, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

Stanceu, Judge: Plaintiffs Trinity Manufacturing, Inc., Ashta Chemicals, Inc., and

Niklor Chemical Company, Inc. contest a decision by the International Trade

Administration, U.S. Department of Commerce ("Commerce" or the "Department") to

revoke an antidumping duty order on chloropicrin from the People's Republic of China

(the "Order").  Commerce revoked the Order after concluding that it had not received a

timely substantive response from plaintiffs in response to its notice initiating, with

respect to the Order, a five-year review.  Before the court is plaintiffs' motion for

judgment on the agency record under USCIT Rule 56.2, opposed by defendant United

States, in which plaintiffs claim that Commerce acted unlawfully in denying their

request for an extension of the time period to file their substantive response.  The court

denies plaintiffs' motion.

## I. BACKGROUND

### A.  The Contested Decision and the Antidumping Duty Order

The contested decision (the "Final Results") is *Chloropicrin From the People's*

*Republic of China: Final Results of Sunset Review and Revocation of Order*, 85 Fed. Reg.

71,314 (Int'l Trade Admin. Nov. 9, 2020) ("*Final Results*").  Commerce issued the Order

in 1984.  *Antidumping Duty Order; Chloropicrin From the People's Republic of China*, 49 Fed.

Reg. 10,691 (Int'l Trade Admin. Mar. 22, 1984).  Chloropicrin, also known as

trichloronitromethane, is a chemical with a major use as a pre-plant soil fumigant.  *Id*.

### B.  The Parties

Plaintiffs are domestic producers of chloropicrin, Compl. ¶ 6 (Nov. 12, 2020),

ECF No. 2, who entered appearances in the administrative proceeding culminating in

the contested decision to revoke the Order.  *Id*. ¶ 7.  Defendant is the United States.

### C.  Proceedings Before Commerce

On August 4, 2020, Commerce, pursuant to section 751(c) of the Tariff Act of

1930, *as amended* ("Tariff Act"), 19 U.S.C. § 1675(c),[1] published a "Notice of Initiation" to

announce the opportunity for interested parties to participate in the fifth of the five-year

reviews of the Order.  *Initiation of Five-Year (Sunset) Reviews*, 85 Fed. Reg. 47,185 ("*Notice*

*of Initiation*").

On August 18, 2020, plaintiffs submitted a timely entry of appearance, notice of

intent to participate in the five-year review, and application for access to proprietary

information under an administrative protective order.  *See Entry of Appearance from Kalik*

*Lewin to Sec'y of Commerce* (P.R. Doc. 2); *Notice of Intent to Participate in Five-Year*

*("Sunset") Review of Chloropicrin from China; Application Under Administrative Protective*

*Order* (P.R. Doc. 3); *Application for Access to Documents under the Administrative Protection*

*Order on behalf of Martin Lewin* (P.R. Doc. 4).[2]  Plaintiffs were the only interested parties

to appear in the five-year review.  *See Final Results*, 85 Fed. Reg. at 71,315.

---

[1] All citations to the United States Code herein are to the 2018 edition and all citations to the Code of Federal Regulations herein are to the 2020 edition, unless otherwise indicated.

[2] All information disclosed in this Opinion was obtained from the public record. Public documents in the administrative record are cited as "P.R. Doc. __."  Confidential record documents are cited as "C.R. Doc. __."

In accordance with the Department's regulations, the Notice of Initiation set a

due date of 30 days from the date of publication, i.e., September 3, 2020, for the

submission by domestic interested parties, such as plaintiffs, of a substantive response

to certain inquiries by Commerce, as stated in the notice.  *Notice of Initiation*, 85 Fed.

Reg. at 47,185.  It is uncontested that as of the September 3, 2020 due date, plaintiffs

neither had submitted the required substantive response nor had requested an

extension of the time period for filing.

On September 10, 2020, Commerce notified the U.S. International Trade

Commission (the "ITC" or the "Commission") that, not having received a substantive

response from domestic interested parties, it would issue a final determination revoking

the Order pursuant to 19 U.S.C. § 1675(c)(3)(A) and 19 C.F.R. § 351.218(e)(1)(i)(C)(2).

*Sunset Review Initiated on August 4, 2020* (P.R. Doc. 6).  Plaintiffs state that they received

a copy of the Department's notification to the ITC on September 14, 2020.  Pls.' Br. in

Supp. of Mot. for J. on the Agency R. 6 (Mar. 22, 2021), ECF Nos. 22-1 (conf.), 23-1

(public) ("Pls.' Br.").

On September 18, 2020, plaintiffs filed a request that Commerce grant a

retroactive extension of the filing deadline for their substantive response.  *Request for*

*Leave for late Filing: Substantive Response in Five-Year ("Sunset") Review of Chloropicrin from*

*China* (P.R. Doc. 7) (attaching plaintiffs' substantive response to the Notice of Initiation).

On September 25, 2020, plaintiffs' new counsel entered an appearance in the five-year

review proceeding and submitted comments supporting the September 18, 2020

extension request.  Pls.' Br. 8; *see Chloropicrin from China: Support of Request for Leave for*

*Late Filing of Substantive Response in Five-Year ("Sunset") Review* (P.R. Doc. 10)*.*

       Commerce denied plaintiffs' request for a time extension on September 28, 2020,

stating that "[t]he events described in the request do not meet the regulatory standard."

*Five-Year ("Sunset") Review of Chloropicrin from China: Rejection of Request for Leave for Late*

*Filing and Rejection of Domestic Interested Parties' Substantive Response* 2 (Sept. 28, 2020)

(P.R. Doc. 11).  On September 29, 2020, plaintiffs filed a request for reconsideration of

the denial, arguing the Department's September 28, 2020 denial letter did not

acknowledge plaintiffs' newly retained counsel's appearance nor its September 25, 2020

submission.  *Chloropicrin from China: Response to Rejection of Request for Leave for Late*

*Filing and Rejection of Domestic Interested Parties' Substantive Response* 1–2 (Sept. 29, 2020)

(P.R. Doc. 14).

       Plaintiffs' counsel met with Commerce officials on October 1 and 5, 2020, to

discuss the extension request and the request for reconsideration and on October 7,

2020, "submitted confidential supplemental information detailing the sensitive medical

conditions affecting Plaintiffs' representative at the time the filing deadline was

missed."  Pls.' Br. 9.  Commerce issued its last denial of the extension request on

November 2, 2020.  *Five-Year ("Sunset") Review of Chloropicrin from China: Response to*

*Second Request to Extend the Deadline for Filing a Substantive Response* (Nov. 2, 2020) (P.R.

Doc. 26).

On November 9, 2020, Commerce published the Final Results, which referenced

the denial of plaintiffs' request for a time extension and revoked the Order.  *Final*

*Results*, 85 Fed. Reg. at 71,315 ("[T]he domestic interested parties failed to submit a

substantive response to the notice of initiation by the applicable time limit of

September 3, 2020, as required by 19 CFR 351.218(d)(3).") & n.11.

### D.  Proceedings Before the Court

Plaintiffs brought this action to contest the Final Results in November 2020.

Summons (Nov. 12, 2020), ECF Nos. 1 & 14 (*see* Order (Nov. 17, 2020), ECF No. 13);

Compl. (Nov. 12, 2020), ECF No. 2.

On December 23, 2020, the court granted plaintiffs' consent motion for an order

enjoining liquidation of entries of chloropicrin from China.  Consent Mot. to

Preliminarily Enjoin Termination of Suspension of Liquidation for Entries of

Chloropicrin from China, ECF No. 17; Order, ECF No. 18.

Plaintiffs filed the instant motion for judgment on the agency record under

USCIT Rule 56.2 and accompanying brief on March 22, 2021.  Pls.' Rule 56.2 Mot. for J.

on the Agency R., ECF Nos. 22 (conf.), 23 (public); Pls.' Br.  Defendant responded on

May 21, 2021.  Def.'s Resp. to Pls.' Br. for J. on the Administrative R., ECF No. 24

("Def.'s Resp.").  On June 17, 2021, plaintiffs replied.  Pls.' Reply Br., ECF Nos. 25

(conf.), 26 (public) ("Pls.' Reply").  On July 2, 2021, plaintiffs submitted an unopposed

motion for oral argument on their Rule 56.2 motion.  Unopposed Mot. for Oral Arg.,

ECF No. 29.

## II. DISCUSSION

### A.  Jurisdiction and Standard of Review

The court exercises subject matter jurisdiction under section 201 of the Customs

Courts Act of 1980, 28 U.S.C. § 1581(c), pursuant to which the court reviews actions

commenced under section 516A of the Tariff Act, 19 U.S.C. § 1516a.  Among the

decisions that may be contested according to section 516A is a final determination by

Commerce revoking an antidumping order when no interested party responds to a

notice of initiation of a five-year review.  *See* 19 U.S.C. § 1516a(a)(1)(D); 19 U.S.C.

§ 1675(c)(3)(A).  In reviewing such a determination, the court "shall hold unlawful any

determination, finding, or conclusion found . . . to be arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(ii).

### B.  Procedures for Five-Year ("Sunset") Reviews

Commerce and the ITC are required by section 751(c) of the Tariff Act to

conduct, at five-year intervals, a five-year review (sometimes referred to as a "sunset"

review) of an antidumping duty order "to determine . . . whether revocation of the . . .

antidumping duty order . . . would be likely to lead to continuation or recurrence of

dumping . . . and of material injury."  19 U.S.C. § 1675(c).  The Tariff Act requires

Commerce to revoke an antidumping duty order upon completing a five-year review

"unless—(A) the administering authority [i.e., Commerce] makes a determination that

dumping . . . would be likely to continue or recur, and (B) the Commission makes a

determination that material injury would be likely to continue or recur as described in

section 1675a(a) of this title."  *Id*. § 1675(d)(2).

The Tariff Act requires Commerce to publish a "notice of initiation" of a five-year

review and to "request that interested parties submit—(A) a statement expressing their

willingness to participate in the review by providing information requested by the

administering authority [i.e., Commerce] and the Commission, (B) a statement

regarding the likely effects of revocation of the order . . . and (C) such other information

or industry data as the administering authority or the Commission may specify."  *Id*.

§ 1675(c)(2).

As is particularly significant to this dispute, the Tariff Act further provides, in

pertinent part, that "[i]f no interested party responds to the notice of initiation under

this subsection [19 U.S.C. § 1675(c)], the administering authority shall issue a final

determination . . . revoking the order."  *Id*. § 1675(c)(3)(A).

### C.  Commerce Did Not Abuse its Discretion in Denying the Request for a Retroactive Extension of the Filing Deadline and in Revoking the Order

Plaintiffs attack the Final Results with two lines of argument.  They maintain,

first, that "Commerce abused its discretion when it denied Plaintiffs' extension request

and rejected the substantive response."  Pls.' Br. 11.  Second, they argue that

"Commerce's denial of Plaintiffs' extension request and refusal to accept the

simultaneously-submitted substantive response is arbitrary and capricious" and "at

odds with prior decisions accepting untimely submissions in other proceedings under

less severe or, at least, analogous circumstances."  *Id*. at 18.

        The Department's regulations address extensions of filing requirements in

19 C.F.R. § 351.302.  "Unless expressly precluded by statute, the Secretary [of

Commerce] may, for good cause, extend any time limit established by this part."

19 C.F.R. § 351.302(b).  The time limit at issue in this case is set forth in Part 351, Code of

Federal Regulations, in 19 C.F.R. § 351.218(d)(3)(i), under which "[a] complete

substantive response to a notice of initiation, filed under this section, must be submitted

to the Department not later than 30 days after the date of the publication in the FEDERAL

REGISTER of the notice of initiation."  Consistent with this requirement, the Notice of

Initiation stated that "[i]f we receive an order-specific notice of intent to participate

from a domestic interested party, Commerce's regulations provide that *all parties*

wishing to participate in a Sunset Review must file complete substantive responses not

later than 30 days after the date of publication in the **Federal Register** of this notice of

initiation."  *Notice of Initiation*, 85 Fed. Reg. at 47,186.

        The Department's regulation on time extensions specifically addresses the topic

of "untimely" extension requests, i.e., those received after the applicable time period

has expired: "An untimely filed extension request will not be considered unless the

party demonstrates that an extraordinary circumstance exists."  19 C.F.R. § 351.302(c).

"An extraordinary circumstance is an unexpected event that: (i) Could not have been

prevented if reasonable measures had been taken, and (ii) Precludes a party or its

representative from timely filing an extension request through all reasonable means."

*Id*. § 351.302(c)(2).  In the preamble accompanying the promulgation of this regulation

in 2013, Commerce provided additional guidance on what would constitute an

"extraordinary circumstance," which may include "a natural disaster, riot, war, *force*

*majeure*, or medical emergency."  *See Extension of Time Limits,* 78 Fed. Reg. 57,790, 57,793

(Sept. 20, 2013).  Plaintiffs do not challenge the validity of the regulation.

## 1.  The Department's Initial Denial of Plaintiffs' September 18, 2020 Extension Request

In the September 18, 2020 extension request, plaintiffs' counsel stated that he,

upon receiving the Department's September 10, 2020 notice to the ITC "for the first time

realized that [he] might not have filed the Substantive Response."  *Request for Leave for*

*late Filing: Substantive Response in Five-Year ("Sunset") Review of Chloropicrin from China* 2

(P.R. Doc. 7).  While stating that the document had been completed as of 4:24 p.m. on

the September 3 due date, the attorney also stated that "I do not know why the

document might not have been filed" and that "I recall having difficulty with ACCESS

[on-line filing system] prior to and/or on the date for filing the Substantive Response

and have had intermittent internet problems on my end during the course of the pandemic." *Id*. The attorney added that "I can attest I thought I had filed the Substantive Response with the Department on September 3." *Id*.

The Department's initial letter denying plaintiffs' extension request, after summarizing the "extraordinary circumstance" requirement of 19 C.F.R. § 351.302(c), states that "[a]lthough you explained in your request for leave to file the untimely substantive response that you prepared the substantive response and thought you had timely filed it, you acknowledged that was apparently not the case and you noted that you 'do not know why the document {the substantive response} might not have been filed.'" *Five-Year ("Sunset") Review of Chloropicrin from China: Rejection of Request for Leave for Late Filing and Rejection of Domestic Interested Parties' Substantive Response* 2 (Sept. 28, 2020) (P.R. Doc. 11). The Department's letter concludes that "[t]he events described in the request do not meet the regulatory standard for extraordinary circumstances." *Id*.

The Department's initial denial of plaintiffs' September 18, 2020 extension request was not an abuse of discretion. The extension request did not come close to meeting the standard set forth in 19 C.F.R. § 351.302(c)(2): not only did the extension request fail to demonstrate that an extraordinary circumstance had resulted in plaintiffs' failure to accomplish the required filing, but also, the extension request failed even to claim that an "extraordinary circumstance" occurred. As Commerce reasoned,

an extraordinary circumstance (which § 351.302(c)(2) defines as an "unexpected event")

is not demonstrated when the person attempting to make the filing did not know, and

could not say, why the attempt at filing did not succeed.  Moreover, the extension

request did not demonstrate that the filing could not have been accomplished through

"reasonable measures" and "reasonable means," 19 C.F.R. § 351.302(c)(2), including

ordinary measures to confirm that the document actually had been filed.

**2.  The Department's Denial of Plaintiffs' September 29, 2020 Request for Reconsideration**

Plaintiffs requested reconsideration of the Department's denial of the

September 18, 2020 extension request in a submission dated September 29, 2020.  *See*

*Chloropicrin from China: Response to Rejection of Request for Leave for Late Filing and*

*Rejection of Domestic Interested Parties' Substantive Response* (P.R. Doc. 14).  This

submission adds no new information.  It argues, instead, that Commerce should

reconsider its denial of the request because it "was based on an incomplete review of

the record evidence," having failed to acknowledge or "to address, in any manner, the

extensive substantive analysis and comments filed by the undersigned on

September 25, 2020."  *Id. at* 2–3.

Plaintiffs' September 25, 2020 submission, filed by plaintiffs' new counsel to

supplement the original extension request, did not cure the defect in the original,

September 18, request for extension.  This supplemental submission stated as follows:

Here, the regulatory "extraordinary circumstance" definition has been met.  Counsel could not have anticipated that the Substantive Response inadvertently would not be filed, or somehow prevented the failure to file, because at all times, he fully believed that, in fact, he had timely filed the Substantive Response on ACCESS on the September 3, 2020 due date.  As such, there was simply to [*sic*] basis for counsel to have any awareness or belief that any extension request was needed, much less that such a request should be filed using "all reasonable means."  Because the Substantive Response was understood to have been filed, there was simply no basis to even contemplate an extension request of any type.

*Chloropicrin from China: Support of Request for Leave for Late Filing of Substantive Response in Five-Year ("Sunset") Review* 4 (Sept. 25, 2020) (P.R. Doc. 10) (footnote omitted).  The submission does not explain what "extraordinary circumstance" caused the attorney who attempted to accomplish the filing to conclude, erroneously yet somehow reasonably, that the filing had been successfully accomplished.

Plaintiffs' September 29, 2020 submission requested a meeting "on this matter at the level of Deputy Assistant Secretary, as soon as possible."  *Chloropicrin from China: Response to Rejection of Request for Leave for Late Filing and Rejection of Domestic Interested Parties' Substantive Response* 3 (P.R. Doc. 14).  Commerce conducted a meeting by videoconference with plaintiffs' counsel on October 1, 2020, with the Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations and eight other Commerce officials in attendance.  *Five-Year ("Sunset") Review of Chloropicrin from China: Meeting with the Petitioners' Counsel* (Oct. 15, 2020) (P.R. Doc. 20).  Commerce, on October 5, 2020, also conducted a conference call with plaintiffs, in which the Assistant

Secretary for Enforcement and Compliance participated.  *Five-Year ("Sunset") Review of*

*Chloropicrin from China: Conference Call with the Petitioners' Counsel* (Oct. 15, 2020) (P.R.

Doc. 21).

Plaintiffs made an additional submission to Commerce on October 7, 2020.

*Chloropicrin from China: Supplemental Information in Support of Request for Leave for Late*

*Filing of Domestic Interested Parties' Substantive Response* (P.R. Doc. 17).  This submission

stated that plaintiffs' counsel who was to make the filing on September 3, 2020 "has no

documentation showing that the substantive response was filed" and that "[b]y all

appearances, he inadvertently failed to file it."  *Id*. at 5.  It adds that he "recalls

experiencing internet issues and/or issues accessing ACCESS as he sought to file the

Department substantive response on September 3, while simultaneously preparing and

filing the non-confidential version of the ITC substantive response that also was due on

September 3."  *Id*.  The submission states that the inadvertent failure to file "was the

result of a combination of technical as well as medical issues that" this attorney "has not

previously disclosed in this matter because their sensitive personal nature made his [*sic*]

reluctant to share or discuss them."  *Id*.  The medical issues, disclosure of which the

court considers unnecessary to this Opinion, are discussed in the confidential version of

plaintiffs' October 7, 2020 submission and in a confidential, signed declaration by the

attorney.  *See Chloropicrin from China: Supplemental Information in Support of Request for*

*Leave for Late Filing of Domestic Interested Parties' Substantive Response* (C.R. Doc. 1 &

Attachment 1).

Commerce gave its last answer in a letter to plaintiffs dated November 2, 2020.

*Five-Year ("Sunset") Review of Chloropicrin from China: Response to Second Request to Extend*

*the Deadline for Filing a Substantive Response* (P.R. Doc. 26).  Stating that "[t]he party

requesting the extension bears the responsibility to demonstrate that extraordinary

circumstances exist," the letter concludes that the combination of the technical

difficulties identified by plaintiffs and the medical issues did not meet that standard.  *Id.*

at 2.  As to the technical difficulties, the Department's letter cited the preamble to the

promulgation of the regulation, *Extension of Time Limits*, 78 Fed. Reg. 57,790, 57,793

(Sept. 20, 2013), in stating that "[e]xamples that are unlikely to be considered

extraordinary circumstances include insufficient resources, inattentiveness, or the

inability of a party's representative to access the Internet on the day a submission was

due."  *Id*.

The Department's letter gave three reasons why the medical issues did not

establish an extraordinary circumstance.  First, Commerce concluded that the

information it had been provided "is not a medical emergency."  *Id*.  Second, Commerce

reasoned that "[f]urthermore, this medical issue did not preclude [the attorney] from

timely filing an extension request for the substantive response through all reasonable

means."  *Id*.  Third, Commerce pointed out that the medical emergency did not

preclude the attorney from filing, on September 3, "the public version of a confidential

substantive response at the International Trade Commission" and that plaintiffs had

stated that the attorney completed the unfiled substantive response on that same day.

*Id*.  Commerce reasoned that if the attorney was able to perform these other activities

"despite his medical issue, then the medical issue also did not preclude him from also

timely filing an extension request on or before September 3."  *Id*.

    The court does not agree with plaintiffs' contention that the Department's

November 2, 2020 decision was an abuse of discretion.  Plaintiffs' confidential

submissions do not describe medical issues that accurately could be characterized as an

unexpected medical "emergency" that occurred on September 3, 2020, and these

submissions do not present them as such.  *See Chloropicrin from China: Supplemental*

*Information in Support of Request for Leave for Late Filing of Domestic Interested Parties'*

*Substantive Response* (Oct. 7, 2020) (C.R. Doc. 1 & Attachment 1).  Also missing is an

explanation as to how these medical issues caused, or could have caused, the attorney

to believe, incorrectly, that he had successfully accomplished the filing on the due date.

*See id*.  On this record, Commerce reasonably could conclude that plaintiffs had not met

their burden of showing that an extraordinary circumstance, i.e., an "unexpected

event," prevented a timely filing or that the filing could not have been accomplished

through "reasonable measures" and "reasonable means."  19 C.F.R. § 351.302(c)(2).

Plaintiffs base their argument that Commerce abused its discretion on the

following contentions: (1) the deadline was missed "innocently and inadvertently,"

(2) granting the extension and accepting the substantive response would be entirely

inconsequential to Commerce, and (3) the interests of accuracy and fairness, and the

extreme and disproportionate consequences of denying the extension, outweigh any

burden on Commerce.  Pls.' Br. 12–18.  In advocating that the court apply these factors,

they rely principally on *Artisan Mfg. Corp. v. United States*, 38 C.I.T. __, 978 F. Supp. 2d

1334 (2014) and *Grobest & I-Mei Indus. (Viet.) Co.*, 36 C.I.T. 98, 815 F. Supp. 2d 1342

(2012).

Plaintiffs' argument alleging an abuse of discretion is unconvincing.  *Artisan* and

*Grobest* involved the prior version of the Department's regulation, 19 C.F.R. § 351.302

(2012), which did not impose the current "extraordinary circumstance" requirement—

the validity of which, as the court has noted, plaintiffs do not contest.  The current

regulation defines how Commerce will exercise its discretion when it receives an

untimely extension request.  Rather than abuse that discretion, Commerce reasonably

applied the criteria the amended regulation sets forth.  The factors plaintiffs would have

the court apply to resolve the current dispute do not mention the Department's interest

in the orderly administration of the antidumping duty law and, specifically, its interest

in deterring late filings for which extension requests are not made prior to the

expiration of the filing period.  These interests are served by a rule confining the

granting of such requests to extraordinary circumstances.

### D. The Contested Determination May Not Be Set Aside under the "Arbitrary and Capricious" Standard

"[A]n agency action is arbitrary when the agency offer[s] insufficient reasons for

treating similar situations differently."  *SKF USA Inc. v. United States*, 263 F.3d 1369,

1382 (Fed. Cir. 2001) (citation omitted).  Relying on other administrative proceedings,

plaintiffs argue that the Department's decision "is at odds with prior decisions

accepting untimely submissions in other proceedings under less severe or, at least

analogous circumstances."  Pls.' Br. 18.  The court rejects this argument.

Plaintiffs are correct that agencies must give a reasonable explanation when

treating similar situations differently.  But here, plaintiffs have not demonstrated that

Commerce granted an untimely extension request under facts analogous to those of this

case.  Plaintiffs rely primarily on an untimely extension request Commerce granted in a

2014 proceeding.  *See* Pls.' Br. 18–20; Pls.' Reply Br. 14–15 (citing *Aluminum Extrusions

from the People's Republic of China: Further Explanation in Support of Sapa Profiles' Request

for an Extension of Time to Respond to the Quantity and Value Questionnaire* (Sept. 17, 2014)

(Dep't of Commerce ACCESS Barcode 3228665-01) (involving extension request granted

where counsel had suffered from a medical condition over the past several months)).

Plaintiffs argue that having granted the extension request in that proceeding, it was

required to, but did not, provide a reasonable explanation for why Commerce denied

the one at issue.  Pls.' Br. 19.  The court disagrees.  The medical information Commerce

relied upon to grant the extension in *Aluminum Extrusions from the People's Republic of*

*China* has been redacted from the public version of that decision.  The court (and,

presumably, plaintiffs) are unable to discern that the circumstances of that proceeding

are analogous to this one.

What is clear from the publicly-available portions of the submissions in

*Aluminum Extrusions From the People's Republic of China* is that counsel disclosed in its

initial submission, four days after the regulatory deadline, that the reason for the

extension request was a medical condition and thereafter provided more details in

connection with that condition at the Department's request.  *See Aluminum Extrusions*

*from the People's Republic of China: Sapa Profiles' Request for an Extension of Time to Respond*

*to the Quantity and Value Questionnaire* (Sept. 8, 2014) (Dep't of Commerce ACCESS

Barcode 3227011-01); *Aluminum Extrusions from the People's Republic of China: Further*

*Explanation in Support of Sapa Profiles' Request for an Extension of Time to Respond to the*

*Quantity and Value Questionnaire* (Sept. 17, 2014) (Dep't of Commerce ACCESS Barcode

3228665-01).  Here, plaintiffs raised the previously-unmentioned medical issues on

October 7, 2020, more than a month following the filing deadline and more than two

weeks after the original extension request.  And aside from the question of timing,

plaintiffs have failed to demonstrate that, or how, the medical issues they identify

caused their counsel to conclude that he had completed the filing or prevented him from exercising ordinary due diligence to confirm that the filing actually had been accomplished.

Finally, plaintiffs rely on numerous other extension requests that were granted by Commerce, contending that these "appear to be based on far less severe circumstances than those present here."  *See* Pls.' Reply Br. 15–21.  The circumstances underlying these requests differ materially from the facts before the court in this matter. The majority of the cited extension requests were submitted to Commerce within a day or two of the applicable due date.[3]  The remaining extension requests related to factual circumstances not analogous to those present in this case.[4]

---

[3] *Notice of Intent to Participate in Second Five-Year Review of the Antidumping and Countervailing Duty Orders on Circular Welded Carbon Quality Steel Line Pipe from the People's Republic of China – Request for Extension of Deadline and Acceptance of Submission* (Apr. 17, 2019) (Dep't of Commerce ACCESS Barcode 3821488-01) (filing extension request a day after the deadline); *Citric Acid and Certain Citrate Salts from Thailand: Section A-C Second Supplemental Questionnaire Response Extension Request* (Nov. 17, 2017) (Dep't of Commerce ACCESS Barcode 3642674-01) (filing extension request the day of the deadline when counsel mistook the 10:00 a.m. deadline for a 5:00 p.m. deadline); *Carbon and Certain Alloy Steel Wire Rod from Mexico: Extension Request for New Factual Information in Response to Deacero's Supplemental Section D and E Questionnaire Responses* (Aug. 25, 2017) (Dep't of Commerce ACCESS Barcode 3611722-01) (submitting extension request one day after deadline); *Carbon and Certain Alloy Steel Wire Rod from the United Kingdom: British Steel Request for Extension* (July 7, 2017) (Dep't of Commerce ACCESS Barcode 3590026-01) (submitting extension request when counsel mistook the 10:00 a.m. deadline for a 5:00 p.m. deadline and submitted filing a few hours late); *Certain Softwood Lumber Products from Canada: Government of British Columbia Request for Extension* (Mar. 16, 2017) (Dep't of Commerce ACCESS Barcode 3552802-01) (filing (continued . . .)

Because plaintiffs have failed to provide an example of a similar situation that

Commerce treated differently than it treated this case, the court concludes that

Commerce did not act in an arbitrary or capricious manner in denying plaintiffs'

untimely request for extension and revoking the Order.

---

(. . . continued)
extension request the day of the deadline); *Uncovered Innerspring Units from the People's Republic of China AR6: Response to Department Letter dated June 15, 2016* (June 16, 2016) (Dep't of Commerce ACCESS Barcode 34790039-01) (requesting an extension the day of the deadline when counsel did not receive notice of Commerce's deadline); *Certain Cold-Rolled Steel Flat Products from Korea: Extension Request for Supplemental Section D Questionnaire Response* (Jan. 5, 2016) (Dep't of Commerce ACCESS Barcode 3429991-01) (filing extension request when counsel mistook noon deadline for 5:00 p.m. deadline).

[4] *Countervailing Duty Investigation of Fine Denier Polyester Staple Fiber from India: Response to Section III Identifying Affiliated Companies* (Aug. 18, 2017) (Dep't of Commerce ACCESS Barcode 3609072-01) (accidentally filing on ITC site instead of Commerce's online filing system and in parallel emailing submission to Commerce in a timely manner); *Fresh Garlic from the People's Republic of China: Second Draft Remand Redetermination Pursuant to Slip Op. 16-68, CIT Consol. Ct. No. 14-00180 (Fresh Garlic Producers Association, et al. v. United States) Request to Accept Comments on Draft Remand Results* (Oct. 27, 2016) (Dep't of Commerce ACCESS Barcode 3517360-01) (filing extension request three days after deadline when counsel mistook the noon deadline for 5:00 p.m. and submitted filing a few hours late); *New Pneumatic Off-the-Road Tires from the People's Republic of China: Request for Administrative Review* (Dec. 19, 2016) (Dep't of Commerce ACCESS Barcode 3530805-01) (submitting five days after deadline when counsel inadvertently missed deadline due to departure of counsel's long-term docketing clerk); *Certain Polyethylene Terephthalate Resin from the People's Republic of China — Request to Accept Section A Response* (June 23, 2015) (Dep't of Commerce ACCESS Barcode 3286027-01) (inadvertently calendaring the incorrect deadline four days late when multiple other deadlines and extension requests were being handled by counsel in the same matter); *Narrow Woven Ribbons with Woven Selvedge from Taiwan: Request Reconsideration of Sec. D Extension Request* (Feb. 18, 2015) (Dep't of Commerce ACCESS Barcode 3260204-01) (submitting a timely extension request but accidentally omitting one additional section in questionnaire response).

### III. CONCLUSION

For the reasons discussed in the foregoing, the agency decision contested in this action cannot be set aside as an abuse of discretion or as arbitrary and capricious.  The court, therefore, will deny plaintiffs' motion for judgment on the agency record and enter judgment in favor of defendant.  Plaintiffs' motion for oral argument will be denied.

                                                                /s/ Timothy C. Stanceu
                                                                Timothy C. Stanceu, Judge

Dated: November 8, 2021
            New York, New York